FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 24 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONALD RICKARD                                                    PLAINTIFF

VS.                         NO. 3:12-CV-00057-SWW

SWEDISH MATCH NORTH AMERICA, INC.
and PERRY PAYNE                                                   DEFENDANTS

**COMPLAINT AT LAW**

This case assigned to District Judge **Wright**
and to Magistrate Judge **Volpe**

I. **Jurisdiction.**

1. That the jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621, as amended by 42 U.S.C. § 6101, retaliation for complaining about sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991. Plaintiff also contends a hostile work environment existed based on an age and sexual animus.

2. This is a legal action seeking compensatory and punitive damages as well as equitable remedies.

II. **Parties.**

3. That Plaintiff, Donald Rickard ("Rickard"), is a citizen and resident of the Jonesboro Division, Craighead County, Arkansas, which is part of the Eastern District of Arkansas.

4.     That Defendant, Swedish Match North America, Inc. ("Swedish Match"), is a foreign for profit corporation organized under the laws of the State of Delaware, originally qualified to do business in Arkansas, but said qualification has been revoked for failure to pay Arkansas franchise taxes since 2001. At all relevant times, Swedish Match has been and is now doing business in the State of Arkansas, and has continuously had and does now have at least 1,000 employees. Swedish Match develops, manufactures and sells market-leading brands of snuff, cigars, chewing tobacco, matches and lighters.

5.     That Defendant, Perry Payne ("Payne"), was the Regional Territory Manager for Swedish Match during the pertinent times mentioned hereinafter.

6.     Swedish Match's registered agent for service is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, AR 72201.

7.     This action is properly filed within the applicable statute of limitations; a copy of Plaintiff's Notice of Suit Rights is attached as Exhibit "A".

III.   **Factual Allegations.**

COUNT I
Age Discrimination in Employment Act
(29 U.S.C. § 621, as amended by 42 U.S.C. § 6101)

8.     Plaintiff Rickard's date of birth is April 26, 1956.

9.     Plaintiff was hired July 8, 1984 as a sales representative of Pinkerton Tobacco Company which was later bought by Defendant, Swedish Match in 2001.

10.    Plaintiff was responsible for the sale and restocking of tobacco products to retail outlets within a particular area.

11. Defendant Payne was Plaintiff's immediate supervisor.

12. Defendant Payne made it his prime objective to orchestrate the resignation of Plaintiff from his employment with Swedish Match because of Plaintiff's age.

13. On December 11, 2008, Defendant Payne stated to Plaintiff, "You'll like me until I make you mad."

14. Defendant Payne stated to Plaintiff at least one hundred times, "If you don't quit, I'll fire you."

15. Defendant Payne stated to Plaintiff, "I don't want to fire you or you will lose your benefits."

16. Defendant Payne created a hostile work environment for Plaintiff Rickard, including using foul language in front of other sales personnel, calling Plaintiff a dumb ass, stupid, stating, "I am afraid of you," and responding "none of your f__ing business" when Plaintiff asked him when he was going on vacation. Defendant Payne has also been overheard asking other management personnel if the company had insurance to cover lawsuits.

17. In an effort to establish pretextual grounds to discharge Plaintiff, Defendant Payne would pull fresh products placed for sale by Plaintiff and replace the fresh products with old, outdated products.

18. Defendant Payne stated to Plaintiff, at least twice a month, "You know, you old man, you have a lot of years in."

19. Plaintiff Rickard ranked 2nd in sales in his area.

20. On July 23, 2010, Defendant Payne committed a battery against Plaintiff by grabbing, pinching, Plaintiff's breasts, twisting his nipple and stating, "This is sexual harassment."

21. The Plaintiff reported this incident to Brian leRiche, Defendant Payne's supervisor.

22. The Plaintiff took FMLA leave from February 16, 2011 to April 28, 2011 because of high blood pressure, diabetes II, and kidney stones, caused or aggravated by the stress caused by Defendant Payne's conduct toward him.

23. During Plaintiff's FMLA leave, Defendant Payne contacted Plaintiff eight times by text message, asking Plaintiff to come back to work in violation of doctor's orders and the FMLA.

24. While on FMLA leave, Kevin Field was offered Plaintiff's position.

25. While on FMLA leave, Plaintiff was informed by human resources at Swedish Match that he would be terminated as soon as he returned from FMLA leave.

26. While on FMLA leave, to avoid being discharged and losing benefits, retirement, etc., Plaintiff resigned his position with Swedish Match on April 28, 2011, constructive discharge.

27. The conduct of Defendant Payne toward Plaintiff constitutes age discrimination and retaliation because of Plaintiff's complaints about Payne pinching and twisting his nipple; Payne's conduct also created a hostile work environment based on a sexual and age discrimination animus as evidenced by Payne's grabbing of

Plaintiff Rickard's nipple, cursing, making comments, and pulling of Plaintiff's products.

28. Defendant Payne has exhibited the same sexual based conduct toward one other employee, Michael Fiorotti.

29. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff Rickard has suffered and will continue to suffer damages in lost wages, and damages to his professional reputation. Additionally, Plaintiff has and will continue to suffer mental anguish.

30. Defendants willfully, maliciously, and wantonly, constructively discharged Plaintiff for which all are liable to him, both jointly and severally, for punitive damages.

31. Defendant Payne's liability is imputed to Swedish Match by virtue of the principal agent relationship.

## COUNT II
### Sexual Discrimination

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. Defendant Payne's conduct toward Plaintiff constitutes physical and mental abuse for which Plaintiff should have damages.

## COUNT III
### Breach of Contract

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff had medical insurance premiums withheld from his paycheck.

36. Plaintiff's wife, Sherry Rickard, has autoimmune hepatitis and primary cirrhosis.

37. Sherry Rickard's illnesses result in claims against her husband's insurance through Defendant, Swedish Match.

38. Defendant, Swedish Match, through the acts of its agent, Defendant Payne, constructively discharged Plaintiff to avoid payment of future medical claims of Sherry Rickard.

39. The constructive discharge of Plaintiff constitutes a breach of contract or attempted breach of contract of the policy of medical insurance and a violation of public policy.

### III. Prayer for Relief.

40. Plaintiff Rickard has sustained violations of his federally protected constitutional rights, has sustained a loss of his job rights, has suffered loss of liberty interests in his reputation, and has endured mental anguish. Plaintiff should be awarded compensatory damages against such Defendants jointly, and severally, for all elements of compensatory damages to be set by the jury in its sound discretion which amount is in excess of the minimum required for federal court diversity jurisdiction.

41. Plaintiff herein further avers that the actions taken by Defendant Payne were outrageous, malicious and clearly illegal. Punitive damages should be awarded to deter this Defendant and others similarly situated from such actions. Punitive damages should be assessed against Defendant Payne in an amount to be set by the jury in its

discretion against him but which amount as to him is in excess of that required for federal court diversely jurisdiction.

42. Plaintiff herein specifically requests a trial by jury.

WHEREFORE, premises considered, Plaintiff prays for judgment against Swedish Match North America, Inc. and Perry Payne, individually, for all sums of compensatory damages to which he is entitled to be set by the jury in its sound discretion which amount is in excess of that required for federal court diversity jurisdiction; prays for punitive damages against Perry Payne in an amount to be set by the jury in its sound discretion which amount is in excess of that required for federal court diversity jurisdiction; prays for attorney's fees and costs; specifically requests a trial by jury; and prays for all other further and proper relief in the premises.

                              Respectfully submitted,

                              LARRY J. STEELE PLC
                              115 Abbey Road
                              P.O. Box 561
                              Walnut Ridge, AR 72476-0561
                              (870) 886-5840
                              (870) 886-5873 fax
                              email: steelelaw7622@sbcglobal.net

By: *Larry J. Steele*
      LARRY J. STEELE (78146)
      *Attorney for Plaintiff*