IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DONALD RICKARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 3:12-cv-0057-SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| SWEDISH MATCH NORTH | * | |
| AMERICA, INC. and PERRY PAYNE, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff Donald Rickard brings this action against his former employer, Swedish Match North America, Inc. (SMNA), and his immediate supervisor at SMNA, Perry Payne, alleging breach of contract based on constructive discharge, "a hostile work environment ... based on age and sexual animus," and retaliation for complaining about sex discrimination. Count I of the three-count first amended complaint asserts violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, Count II asserts violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and Count III asserts breach of contract.

Before the Court is separate defendant Payne's motion [doc.#5] to dismiss Plaintiff's first amended complaint. Plaintiff has not responded to Payne's motion and the time for doing so has passed.[1] For the reasons that follow, the Court grants Payne's motion to dismiss Plaintiff's first

---

[1] By Order entered April 13, 2012 [doc.#17], the Court, without objection, granted the motion of Plaintiff for an extension of to and including April 23, 2012 in which to respond to Payne's motion to dismiss the first amended complaint. Plaintiff, however, failed to respond to Payne's motion.

amended complaint.

I.

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

II.

1.

In Count I of the first amended complaint, Plaintiff claims that Payne, as previously noted his immediate supervisor at SMNA, violated his rights under the ADEA.  Plaintiff, however, has failed to state a claim upon which relief can be granted against Payne in Count I because supervisory employees cannot be held individually liable under the ADEA.  See, *e.g., McMiller v. Metro*, No. 4:09-cv-157 (CEJ), 2009 WL 2600548, at *2 (E.D. Mo. Aug. 21, 2009).

2.

In Count II of the first amended complaint, Plaintiff claims that Payne violated his rights under Title VII.  Plaintiff, however, has failed to state a claim upon which relief can be granted against Payne in Count II because supervisory employees cannot be held individually liable under Title VII.  See, *e.g.*, *Bonomolo–Hagen v. Clay Central–Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir.1997).

3.

In Count III of the first amended complaint, Plaintiff claims that SMNA, "through the acts of its agent, Defendant Payne," breached a contract by constructively discharging him.  To the extent Plaintiff is asserting a breach of contract claim against Payne, Plaintiff has failed to state a claim upon which relief can be granted against Payne in Count III because there are no allegations in the Complaint that Payne was a party to any contract with Plaintiff or otherwise owed a contractual duty to Plaintiff.  See, *e.g., Ashwood Janitorial Services v. W.W. Contractor, Inc.*, No. 2:08-cv-00038, 2008 WL 4277814, at * 1 (E.D.Ark. Sept. 17, 2008) (for a breach of contract claim in Arkansas, the Plaintiff must plead the existence of a contract obligating

defendant to the plaintiff, breach by the defendant, and damages suffered by the plaintiff because of the beach) (citing *Rabalaias v. Barnett,* 284 Ark. 527, 528-529, 683 S.W.2d 919, 921 (Ark.1985)).

## II.

For the foregoing reasons, the Court grants separate defendant Payne's motion [doc.#5] to dismiss Plaintiff's first amended complaint.

IT IS SO ORDERED this 27th day of April 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE