IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONALD RICKARD                                                                                           PLAINTIFF

v.                                    Case No. 3:12-cv-00057 KGB

SWEDISH MATCH NORTH AMERICA, INC.                                           DEFENDANT

**ORDER**

Before the Court is defendant Swedish Match North America, Inc.'s ("SMNA") verified bill of costs (Dkt. No. 67) and plaintiff Donald Rickard's motion for order staying verified bill of costs (Dkt. No. 73). SMNA seeks costs in the amount of $2,156.72. The Court declines to award costs to SMNA. Given the nature of this Order, the Court denies as moot Mr. Rickard's motion for order staying verified bill of costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Under Rule 54(d)(1), "[a] prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (citation omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. Mo. Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). For example, "[i]t is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason . . . ." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982); *see Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971) ("[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles . . . ."). "The losing party bears the burden of making the showing that an award is inequitable under

the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation omitted) (internal quotation marks omitted).

In his objection to SMNA's verified bill of costs, Mr. Rickard states that he "is of modest means" and "brought this lawsuit in good faith, and honestly believed he was a victim of discrimination" (Dkt. No. 72, at 2). Based on Mr. Rickard's objection and under the circumstances, the Court concludes that awarding costs to SMNA would be inequitable and punitive and could have a chilling effect on persons who might seek to enforce their rights under antidiscrimination laws. *See Roeben v. BG Excelsior Ltd. P'ship*, No. 4:06-cv-01643 JLH, 2008 WL 340486, at *1 (E.D. Ark. Feb. 5, 2008) (declining to award costs in any amount after stating that "[a]n award of costs at or near the amount sought by [defendant] would be punitive. Awarding such costs would have a chilling effect on persons who might seek to enforce their rights . . . ."). For these reasons, the Court declines to award costs to SMNA.

SO ORDERED this 9th day of May, 2014.

_____
Kristine G. Baker
United States District Judge